# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

KELSEY HERRICK, *individually and* )
*on behalf of her minor children A.B.* )
*and C.B.,* )
                               )
               **PLAINTIFF** )     **CIVIL NO. 2:19-CV-397-DBH**
                               )
**v.** )
                               )
**MELISSA MONTEJANO, ET AL.,** )
                               )
              **DEFENDANTS** )

## ORDER ON MOTIONS TO REMAND

This is a case about the proceeds of a Federal Employees' Group Life Insurance (FEGLI) policy. I recite the relevant facts as stated in the complaint. The decedent federal employee had a FEGLI policy. A 2012 Maine divorce and child custody decree directed him to maintain the FEGLI policy and name his former wife as the beneficiary until child support and spousal support obligations ceased. He did in fact maintain the policy, but he never named a beneficiary. A federal statute requires FEGLI proceeds to be distributed in accordance with a divorce decree expressly providing for their distribution, but only if the decree "is received, before the date of the covered employee's death, by the employing agency." 5 U.S.C. § 8705(e). This divorce decree was never properly lodged as the statute requires. Under that same federal statute, if there is no designated beneficiary, the proceeds are paid "to the widow or widower of the employee." 5 U.S.C. § 8705(a). As a result, upon the insured's death, the

policy administrator refused to pay the proceeds to the plaintiffs, who are the decedent's former wife and his children, and paid the proceeds instead to a woman whom the decedent married in 2013 but apparently did not live with.

The former wife and the children filed a lawsuit in state court against the divorced wife's lawyer and law firm for legal malpractice in failing to file the divorce decree with the policy administrator, and against the later wife based upon constructive trust, unjust enrichment, and breach of contract. The second wife removed the entire lawsuit to federal court, asserting federal question jurisdiction. The plaintiff, the lawyer, and the law firm have moved to remand it back to state court.

The motions to remand are **GRANTED** because federal question jurisdiction is lacking.

The plaintiff has not pleaded any federal claim in her complaint. Although the defendant who removed the case to federal court seems to have a federal defense on at least one of the plaintiff's claims against her,[1] it is hornbook law that a federal defense does not alone confer subject matter jurisdiction. As the United States Supreme Court said in 1987, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's

---

[1] In <u>Metro. Life Ins. Co. v. Zaldivar</u>, 413 F.3d 119, 120 (1st Cir. 2005), the First Circuit held that FEGLI rules for distribution preempt "a state law claim for the imposition of a constructive trust upon the proceeds of a federal group life insurance policy." (5 U.S.C. § 8709(d)(1) states: "The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.") The <u>Zaldivar</u> court did not address subject matter jurisdiction.

complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). According to Caterpillar, there is one exception (the Court called it an "independent corollary"): sometimes "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (The Court added that it is "applied primarily in cases raising claims pre-empted by § 301 of the LMRA [Labor Management Relations Act]." Id.[2]) This is not such a case; the plaintiffs' claims are in no way—explicitly or implicitly—federal claims.

The FEGLI Act *does* preempt any state law that is inconsistent with it (so-called conflict preemption), but it does *not* completely preempt state law within the meaning of Caterpillar. Several district court cases have reached that conclusion. See, e.g., Day v. Silverthorn, 2019 WL 1111431, at *3 (N.D. Cal. Mar. 11, 2019); Metro. Life Ins. Co. v. Thompson, 2018 WL 7324383, at *3 (E.D.N.Y. Dec. 14, 2018); Messinger v. Rodriguez, 2018 WL 817211, at *4 (D.S.C.

---

[2] The Supreme Court later dealt with a Virginia state court ruling that the FEGLI Act (FEGLIA) preempted Virginia law in Hillman v. Maretta, 569 U.S. 483 (2013). The Court stated: "Although FEGLIA contains an express pre-emption provision, . . . the court below considered only whether [one section of the state law] is pre-empted under conflict pre-emption principles. We limit our analysis here to that holding. State law is pre-empted 'to the extent of any conflict with a federal statute.'" Id. at 490.

The removing defendant in this case also relies on Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc., 734 F.3d 28 (1st Cir. 2013). There, the First Circuit stated that in addition to direct federal question jurisdiction (where the federal claim appears on the face of the complaint), there is a "second (and more controversial) category of cases, those with an 'embedded federal question,' meaning suits in which the plaintiff pleads a state-law cause of action that necessarily turns on some construction of federal law." Id. at 34. In Ortiz-Bonilla, the court did not find such a claim. In any event, what the defendant has here are federal defenses, and nothing in Ortiz-Bonilla is inconsistent with the Supreme Court's statements in Caterpillar.

Feb. 12, 2018); Meriwether v. Metro. Life Ins. Co., 2017 WL 6442141, at *3-4 (M.D. Tenn. Dec. 18, 2017); Herrera v. Metro. Life Ins. Co., 2011 WL 6415058, at *4-5 (S.D.N.Y. Dec. 19, 2011); Victoria v. Metro. Life Ins., 2010 WL 583946, at *2 (N.D. Cal. Feb. 16, 2010); Parker v. Metro. Life Ins. Co., 264 F. Supp. 2d 364, 366-67 (D.S.C. 2003); Kittner v. Metro. Life Ins. Co., 2001 WL 388754, at *2 (W.D.N.Y. Apr. 13, 2001). The parties have cited no contrary cases. I agree with the cited cases that the FEGLI Act does not completely preempt state law and see no need to add to their reasoning. The defendant can present her FEGLI defenses in state court.

Because this Court lacks federal subject matter jurisdiction, I do not rule on the defendant Montejano's motion to dismiss or for judgment on the pleadings. The case is **REMANDED** to the Maine Superior Court (York County).

**SO ORDERED.**

**DATED THIS 5TH DAY OF NOVEMBER, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**